SHARON DOUGLASS MAYO - State Bar No. 150469
sharon.mayo@aporter.com
DANIKA B. VITTITOE - State Bar No. 235337
danika.vittitoe@aporter.com
VIKRAM SOHAL - State Bar No. 240251
vikram.sohal@aporter.com
EMILIA P. PETERSEN - State Bar No. 253681
emilia.petersen@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

JS-6

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HEAVY MELON MUSIC, EMI APRIL MUSIC INC., WB MUSIC CORP., BONNIE BEE GOOD MUSIC, FIONA APPLE MAGGART D/B/A FHW MUSIC, UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., BON JOVI PUBLISHING and RICHARD SAMBORA D/B/A AGGRESSIVE MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>CAMBRIA UNLIMITED, INC. and SHERRY PERALES,<br><br>Defendants. | Case No. SACV10-00096 JVS (ANx)<br><br>**CONSENT JUDGMENT**<br><br>**(17 U.S.C. §§101 *ET SEQ.*)** |

LA: 624480v1

1  WHEREAS, plaintiffs Heavy Melon Music, EMI April Music Inc., WB Music Corp., Bonnie Bee Good Music, Fiona Apple Maggart d/b/a FHW Music, Universal-Polygram International Publishing, Inc., Bon Jovi Publishing and Richard Sambora d/b/a Aggressive Music ("Plaintiffs") are owners of the copyrights in the musical compositions listed in Schedule A to Plaintiffs' Complaint filed in this action and members of the American Society of Composers, Authors and Publishers ("ASCAP"); and

WHEREAS, defendants Cambria Unlimited, Inc. and Sherry Perales ("Defendants"), at the times of the infringing acts alleged in the Complaint, did own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Hedz or Tails, located at 211 E. Imperial Highway, in La Habra, in the State of California; and

WHEREAS, without authorization or consent, Defendants, on the dates specified on Schedule A to the Complaint, publicly performed Plaintiffs' copyrighted musical compositions at Hedz or Tails, located at 211 E. Imperial Highway, in La Habra, in the State of California, for the entertainment and amusement of the patrons attending said premises in violation of Plaintiffs' rights under 17 U.S.C. § 106(4), as a remedy for which Plaintiffs are entitled to judgment against Defendants for willful copyright infringement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  (a)  Judgment is entered for Plaintiffs and against Defendants on the claims set forth in Plaintiffs' Complaint in the amount of Eleven Thousand Dollars ($11,000.00) (the "Consent Judgment Amount"). Notwithstanding the foregoing, the parties have agreed that this Judgment may be satisfied upon Defendants' payment of the sum of Eight Thousand Five Hundred Dollars ($8,500.00) (the "Settlement Amount") as provided in Paragraph 2 below.

1  (b) The amount provided for in this Consent Judgment shall be in full settlement of all claims against Defendants arising out of Plaintiffs' Complaint and all other copyright infringement claims of members of ASCAP against Defendants and their successors, shareholders, partners, officers, directors, predecessors, assigns, agents, and employees arising out of the operation of Hedz or Tails, located at 211 E. Imperial Highway, in La Habra, in the State of California, during all periods up to and including the date of entry of this Consent Judgment.

2. (a) Defendants shall pay the Settlement Amount as follows: Seven Hundred Twenty-Three Dollars and Twenty-Four Cents ($723.24) shall be paid by April 12, 2010, and the remaining Seven Thousand Seven Hundred Seventy-Six Dollars and Seventy-Six Cents ($7,776.76) shall be paid in twenty-two monthly installments in the amount of Three Hundred Fifty-Three Dollars and Forty-Eight Cents ($353.48) to be made each month on the fifteenth (15th) of the month from June 2010 through March 2012.

(b) Defendants shall make the payments provided for above in the form of a certified, cashier's, bank, or corporate business check drawn on a California bank, made payable to "ASCAP," and delivered to Vikram Sohal, Esq., at Arnold & Porter LLP, 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017, or such other person as Plaintiffs' attorneys shall designate to receive such payments.

3. Contemporaneously with the execution of this Consent Judgment, Defendants will execute an ASCAP General License Agreement for Hedz or Tails for the term commencing January 1, 2010.  License fees pursuant to such license agreement for the calendar year 2010 shall be included in the amount to be paid by Defendants as provided in this Consent Judgment.  License fees pursuant to such license agreement for periods beginning January 1, 2011, shall be paid by Defendants when due as billed by ASCAP, and Defendants shall otherwise abide by all of the terms and conditions of the license agreement.

1    4.    In the event that Defendants fail to make any of the payments provided for in paragraph 2(a), or to pay license fees to ASCAP as provided for in paragraph 3 for so long as Defendants own or operate Hedz or Tails or any other business in which copyrighted musical compositions in the ASCAP repertory are performed for the entertainment of patrons of such business, upon receipt by Defendants of written notice from Plaintiffs or their undersigned attorneys of any such delinquency, Defendants shall have ten (10) calendar days in which to cure such delinquency.  If the delinquency is not cured within such ten (10) day period, Defendants shall be obligated to pay the full Consent Judgment amount of Eleven Thousand Dollars ($11,000.00), less any payments previously made to Plaintiffs pursuant to paragraph 2 above.  Such balance shall be immediately due and payable, and execution therefor may issue forthwith and without any further notice to Defendants.

5.    Plaintiffs shall be granted all such writs and process as is necessary or proper for the enforcement of this Consent Judgment.

6.    Subject to the Court's continuing jurisdiction over the parties for purposes of enforcement of this Consent Judgment, this action is dismissed.

**IT IS SO ORDERED.**

Dated:  March 29, 2010

_____
Honorable James V. Selna
UNITED STATES DISTRICT JUDGE